

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION **3:07CR074 1**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) INDICTMENT **JUDGE CARR** |
| Plaintiff, | ) |
| v. | ) VIOLATIONS: |
| | )     18 U.S.C. § 371, |
| MARWAN OTHMAN EL-HINDI, and | )     18 U.S.C. § 641, |
| ASHRAF ZAIM, aka ASHRAF ALZAIM, | )     18 U.S.C. § 1343, and |
| | )     18 U.S.C. § 2 |
| Defendants. | ) |

COUNT 1

The Grand Jury charges:

Introduction

1.      At all times material to this Indictment, MARWAN OTHMAN EL-HINDI (EL-HINDI) was a naturalized United States citizen born in Amman, Jordan, and residing in Toledo, Ohio. EL-HINDI was instrumental in the founding of Educational Islamic Social Service, Inc., subsequently known as Educational Social Foundation Services, Inc., (ESFS).

2

2.    At all times material to this Indictment, ASHRAF ZAIM, aka ASHRAF

ALZAIM, (ZAIM), was a naturalized United States citizen born in Jeddah, Saudi Arabia, and

residing in Toledo, Ohio.  ZAIM was a registered travel agent and the owner and operator of a

travel agency in Toledo, Ohio, operating at various times as Royal Wings Travel, and A-Z

Travel, Inc., respectively.  ZAIM was also the founder and an officer of Zaimnet, Inc.

3.    At all times material to this Indictment, the Low-Income Taxpayer Clinic (LITC)

program was a federal grant program administered by the Internal Revenue Service (IRS).  LITC

grant funds were actually disbursed by the U. S. Department of Health and Human Services

(HHS).  The LITC grant program provided grants to charitable institutions and organizations

operating tax clinics that provided tax education and preparation assistance to individuals with

low incomes and/or individuals for whom English was a second language.  One mandatory

condition of the LITC program was that any grant funds awarded by the IRS had to be

"matched" by an equal amount of "in-kind" charitable donations pledged from a third party

source independent of the grant recipient.  Another condition of the LITC program was that the

grant recipient had to file with the IRS and HHS, in a timely manner, certain financial reports

documenting the receipt and proper expenditure of the grant funds.

## The Conspiracy

4.    From at least as early as in or about July 2001, the exact date unknown to the

Grand Jury, through in or about August 2002, in the Northern District of Ohio, Western

Division, and elsewhere, the defendants, MARWAN OTHMAN EL-HINDI, (EL-HINDI), and

ASHRAF ZAIM, aka ASHRAF ALZAIM, (ZAIM), did unlawfully, willfully and knowingly,

combine, conspire, confederate, and agree between and with each other, and with others known

3

and unknown to the Grand Jury, to violate Title 18, United States Code, Sections 641 (Theft of Public Money), 1001 (False Statements), and 1343 (Wire Fraud).

All in violation of Title 18, United States Code, Section 371, and as specifically alleged in the overt acts in paragraphs 13 through 23, herein.

## Object of the Conspiracy

5.　　The object of the conspiracy was to fraudulently obtain government funds through the LITC federal grant program administered by the IRS and HHS, by utilizing ESFS, a purported non-profit charitable organization, as the applicant, and further by making false and fraudulent representations to and concealing material facts from the government in the grant application process and, thereafter, to divert all or most of the awarded grant funds to the personal uses of the defendants and not for the purposes stated in the grant application and expressly agreed to in the grant agreement.

## Method and Means

The following were the methods and means used to further the conspiracy:

6.　　It was a part of the conspiracy that the defendants agreed to utilize ESFS, an inactive organization which defendant EL-HINDI had previously established in the State of Michigan as Educational Islamic Social Service, Inc., using his mother's identity, as the proposed "charitable institution" to apply for and receive a grant through the LITC grant program. As the defendants at the time knew, ESFS was not officially designated or recognized as a non-profit charitable organization by the IRS.

7.　　It was a further part of the conspiracy that defendant ZAIM recruited a business acquaintance, whom he knew to have prior grant writing experience, to assist the defendants in

4

preparing and submitting a grant application to the LITC program on behalf of ESFS. The defendants paid this recruited individual, whose identity is known to the Grand Jury, from the grant proceeds and suggested that the individual would have an ongoing employment opportunity with ESFS upon the awarding of a grant.

8.     It was a further part of the conspiracy that the defendants submitted a LITC grant application for the 2002 tax year, seeking an award of $100,000 to ESFS. In their grant application, the defendants falsely designated ESFS as a non-profit charity, concealed defendant ZAIM's role as the "in-kind" contributor for the required matching in-kind contributions that had been pledged, and utilized a "mail drop" in Michigan as the ESFS business address.

9.     It was a further part of the conspiracy that the defendants opened multiple bank accounts for use in the receipt and disbursement of LITC grant funds.

10.     It was a further part of the conspiracy that the defendants accepted a grant award of $40,000 under the conditions set forth by the LITC program.

11.     It was a further part of the conspiracy that the defendants did not fulfill the requirements of the LITC program, nor substantially provide the services designated in the ESFS grant application and the LITC grant agreement.

12.     It was a further part of the conspiracy that the defendants diverted LITC grant funds to their own personal uses without the knowledge and approval of the IRS and HHS.

Overt Acts

In furtherance of the conspiracy and to effect the illegal objects thereof, one or more of the conspirators knowingly performed one or more overt acts, in the Northern District of Ohio, Western Division, and elsewhere within the United States, including but not limited to the

5

following:

13.     In or about the Summer of 2001, defendant ZAIM solicited a business acquaintance, whom he knew to possess specialized knowledge and experience in the areas of non-profit and charitable organizations and government grant proposal writing, to assist him and defendant EL-HINDI in preparing a grant proposal for ESFS. Thereafter, this individual participated in multiple meetings with the defendants to discuss and work on ESFS' LITC grant application package. ZAIM agreed to pay this individual for assistance in the actual preparation of the application, and also promised to pay a salary for additional and ongoing services as an administrative assistant, if and when ESFS received a LITC grant award. Subsequently, upon the completion of the application, the defendants paid this individual $200 cash. Upon ESFS' receipt of the $40,000 LITC grant award funds, the defendants paid this individual an additional $400, by check, from the grant proceeds.

14.     On or about August 23, 2001, the defendants submitted ESFS' LITC grant application package, including IRS Standard Form 424, Application for Federal Assistance, to the IRS, requesting a $100,000 grant for the 2002 tax year, commencing in January 2002.

     A.  In the application:

          (1)     the defendants stated that ESFS would be operating a low-income tax payer clinic from a location in Southfield, Michigan;

          (2)     identified ZAIM as the Executive Director of ESFS, and EL-HINDI as the Director of the ESFS Board;

          (3)     claimed that ESFS was "a non-profit 501 (c) multi-cultural organization created to provide comprehensive educational services to taxpayers; specifically,

6

disadvantaged individuals for whom English is a second language, and low-income individuals residing in the State of Michigan and Northern Ohio;"

        (4)    listed ESFS' purported goals, including, ". . . plans to educate and enable low income earners who cannot prepare their income tax returns. . .," and, ".. . plans to start a tax clinic to educate individuals, especially those from the multi-cultural communities of Michigan, of their rights and duties;"

        (5)    asserted that certain required "matching contributions," specifically a color copier and nine (9) computers, valued at more than $40,000, a multi-lingual internet web site, valued at $30,000, and rent-free office space, valued at $1,500 per month, were to be provided by an independent source, Zaimnet, Inc., and enclosed a letter, purportedly from Zaimnet's CEO, dated August 20. 2001, attesting to the donations; and

        (6)    concealed ZAIM's ownership and control of Zaimnet. Inc.

15.    On or about January 10, 2002. ZAIM provided the IRS with signed documentation of ESFS' acceptance of and agreement to the terms of the LITC grant award.

16.    On or about January 18. 2002, the defendants opened a National City Bank account, number 00657440684. with EL-HINDI listed as the only authorized signatory, and provided the IRS with signed documentation designating this as the bank account into which the $40,000 grant award funds should be deposited.

17.    On or about February 20, 2002. the defendants opened a second ESFS bank account at National City Bank, number 00657234805, with ZAIM and EL-HINDI. both. given signature card authority.

7

18.    On or about the following dates, the defendants issued to HHS, over the internet, requests for direct deposit of the $40,000 in LITC grant funds, in the amounts indicated below, into the ESFS bank accounts:

| | | |
|---|---|---|
| a. | February 19, 2002 | $ 7,000; |
| b. | February 27, 2002 | $ 9,850; |
| c. | March 27, 2002 | $15,000; |
| d. | May 3, 2002 | $ 6,865; |
| e. | May 31, 2002 | $ 1,285. |

In response to the defendants' requests, HHS electronically transferred $40,000 in LITC grant funds into the ESFS accounts, between February 20 and June 3, 2002.

19.    Between on or about February 20 and May 6, 2002, the defendants transferred and caused to be transferred approximately $23,900 from the first ESFS National City Bank account into the second ESFS account.  By June 10, 2002, the defendants had withdrawn and expended all of the ESFS funds from both accounts.

20.    On or about August 7, 2002, ZAIM advised an IRS official that ESFS had moved from its location in Southfield, Michigan, to an address in Dearborn, Michigan.  The new address ZAIM provided was actually the business address for the Manara Travel Agency, owned and operated by an associate of ZAIM.

21.    During the 2002 tax year, the defendants failed to provide low income tax clinics as agreed to in the LITC agreement.

8

22.    During and in regard to the 2002 tax year, the defendants failed to file any of the reports and documentation required by the LITC grant program, including but not limited to the following:

        a.  HHS quarterly reports;

        b.  IRS semi-annual report; and

        c.  IRS annual report.

23.    Between on or about February 20 and June 10, 2002, the defendants diverted most of the $40,000 in LITC grant funds to their own personal uses, through the issuance of checks, ATM withdrawals, and the use of check cards, among other means.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

The Grand Jury further charges:

24.    During the period in or about August 2001, through in or about August 2002, in the Northern District of Ohio, Western Division, and elsewhere, the defendants, MARWAN OTHMAN EL-HINDI, and ASHRAF ZAIM, dba Educational Social Foundation Services, Inc., (ESFS), willfully and knowingly did convert, steal, purloin and embezzle funds of the United States, totaling approximately $40,000, in that the defendants fraudulently acquired and converted to their personal use, without authorization, grant monies awarded to ESFS by the Internal Revenue Service and the Department of Health and Human Services, agencies of the United States government, intended for the operation of low-income tax clinics, in violation of Title 18, United States Code, Sections 641 and 2.

9

## COUNTS 3 - 7

The Grand Jury further charges:

25.     From in or about August 2001 through in or about August 2002, in the Northern District of Ohio, Western Division, and elsewhere, the defendants, MARWAN OTHMAN EL-HINDI, (EL-HINDI), and ASHRAF ZAIM, aka ASHRAF ALZAIM, (ZAIM), dba Educational Social Foundation Services, Inc., (ESFS), devised and intended to devise a scheme and artifice (a) to defraud the United States, and (b) to obtain money by means of false and fraudulent pretenses, representations, and promises.

26.     Paragraphs 1 through 3, and 13 through 23, inclusive, of Count 1 of this Indictment are realleged and incorporated as though fully set forth herein, and describe the defendants' scheme and artifice to defraud.

27.     Between on or about February 20, and June 3, 2002, on or about the dates set forth more specifically below, in the Northern District of Ohio, Western Division, and elsewhere, the defendants, EL-HINDI and ZAIM, for the purpose of executing and attempting to execute the scheme and artifice, as described above, did cause to be transmitted in interstate commerce, by means of wire communication, certain signs, signals, and sounds, that is, electronic deposits of LITC grant funds totaling $40,000, by and from HHS, in Rockville, Maryland, through the Federal Reserve Bank in Richmond, Virginia, into the ESFS bank account at National City Bank,

10

Toledo, Ohio.  Each electronic deposit, as listed herein below, is an interstate wire communication constituting a separate and distinct offense:

| Count | Date of Transmittal | Amount |
|---|---|---|
| 3 | February 20, 2002 | $ 7,000 |
| 4 | February 28, 2002 | $ 9,850 |
| 5 | March 28, 2002 | $15,000 |
| 6 | May 6, 2002 | $ 6,865 |
| 7 | June 3, 2002 | $ 1,285 |
| | Total | $40,000 |

All in violation of Title 18, United States Code, Sections 1343 and 2.



A TRUE BILL.

Original document – Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.