IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:07CR74 |
| Plaintiff | |
| v. | ORDER |
| Marwan Othan El-Hindi, | |
| Defendant | |

This is a criminal case in which the defendant, convicted of substantive crimes and a conspiracy, has filed motion under Fed. R. Crim. P. 29 seeking acquittal as to the conspiracy count. [Doc. 100]. The government opposes the motion. [Doc. 106].

For the reasons that follow, the motion shall be denied.

First, the government argues, and its argument appears well-taken, that the motion for acquittal was not timely. The defendant filed his motion on December 16, 2008, more than seven days after the jury's return on November 14, 2008, of its guilty verdict against the defendant.

A motion for a judgment of acquittal must be filed within seven days after a guilty verdict or after the jury is discharged, whichever is later, or within such further time as the Court may fix *within the seven day period*. Fed. R. Crim. P. 29(c) (emphasis added). The court must grant any extension of time within the seven day period. Fed. R. Crim. P. 29(c)(1), 45(b). A district court may

not grant a motion for acquittal filed outside the seven day time limit prescribed by Rule 29(c). *Carlisle, supra*. Contrary to the defendant's contention, neither government nor I read something into the rules which isn't there.

The motion, which claims insufficiency of the evidence, is, in any event not well-taken on its merits. I review defendant's claim on the basis of "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). I must draw every reasonable inference from the evidence in the Government's favor. *U.S. v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984).

The defendant's contention that the record fails to provide support for his conspiracy conviction is conclusory. He must do more than assert that there was not enough evidence; he must show how that is so. *U.S. v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004) (quoting *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002)) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Regardless, the record contains sufficient evidence to show that defendant and his codefendant, Ashraf Zaim, who plead guilty before the defendant's trial, were confederates in a scheme to obtain government funding for work they neither did nor intended to do. They prepared and submitted a grant application to obtain funding to conduct a Low Income Tax Clinic ("LITC"). He and Zaim opened multiple accounts to facilitate channeling the monies obtained by the government through their shell operation into their personal pockets.

The defendant did not file mandatory reports that were to document his compliance with the LITC program. The government showed that the defendant did not conduct the service promised in the grant application.

The evidence showed that the defendant and Zaim worked together to concoct and conduct the fraudulent scheme, and that both profited from it. It is clear, and could properly have been clear to the jury, that the defendant had knowledge of, participated in and profited from the scheme put into operation by him and Zaim.

The jury could have rejected suggestion of defendant's attorney that defendant's lack of culpability was manifest in his "firing" of Zaim. In rejecting the defendant's contention, the jury properly considered the timing of that action – which occurred after the funds were disbursed without the services having been performed.

The jury did not return its verdict without sufficient evidence.

It is, therefore

ORDERED THAT defendant's motion for judgment of acquittal be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge