IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:07CR74

    Plaintiff

    v.   AMENDED ORDER

Marwan Othan El-Hindi,

    Defendant

This is a criminal case in which the defendant, following a non-jury trial, was convicted of substantive crimes and a conspiracy. Pending is his motion under Fed. R. Crim. P. 29 seeking acquittal as to the conspiracy count. [Doc. 100]. The government opposes the motion. [Doc. 106].

For the reasons that follow, the motion shall be denied.

The motion, which claims insufficiency of the evidence. I review defendant's claim on the basis of "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *U.S. v. Wright*, 16 F.3d 1429, 1439 (6th Cir. 1994) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). I must draw every reasonable inference from the evidence in the Government's favor. *U.S. v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984).

The defendant's contention that the record fails so provide support for his conspiracy conviction is conclusory. He must do more than assert that there was not enough evidence; he must show how that is so. *U.S. v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004) (quoting *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002)) ("[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

Regardless, the record contains sufficient evidence to show that defendant and his codefendant, Ashraf Zaim, who plead guilty before the defendant's trial, were confederates in a scheme to obtain government funding for work they neither did nor intended to do. They prepared and submitted a grant application to obtain funding to conduct a Low Income Tax Clinic ("LITC"). He and Zaim opened multiple accounts to facilitate chandelling the monies obtained by the government through their shell operation into their personal pockets.

The defendant did not file mandatory reports that were to document his compliance with the LITC program. The government showed that the defendant did not conduct the service promised in the grant application.

The evidence showed that the defendant and Zaim worked together to concoct and conduct the fraudulent scheme, and that both profited from it. It is clear that the defendant had knowledge of, participated in and profited from the scheme put into operation by him and Zaim.

The suggestion of defendant's attorney that defendant's lack of culpability was manifest in his "firing" of Zaim was unfounded in light of the timing of that action. The "firing" occurred after the funds were disbursed without the promised services having been performed

There was sufficient – nay, ample – evidence to sustain the defendant's conviction on the conspiracy count.

It is, therefore

ORDERED THAT defendant's motion for judgment of acquittal be, and the same hereby is denied.

So ordered.

s/James G. Carr  
James G. Carr  
Chief Judge